1 F.3d 1235
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee RUSHER, a/k/a/ Donald David Rusher,
Defendant-Appellant.
 No. 92-5609.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 11, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro
 J. Matthew Martin, MARTIN & MARTIN, P.A., for Appellant
 Douglas Cannon, Assistant United States Attorney, for Appellee
 Robert H. Edmunds, Jr., United States Attorney, Doug Banks, Third Year Law Student, Wake Forest University School of Law, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and HAMILTON and LUTTIG, Circuit Judges.
 ERVIN, Chief Judge:
 
 OPINION
 
 1
 David Lee Rusher appeals an order entered by the district court sentencing him to 105 months imprisonment. Rusher was convicted of possession with intent to distribute methamphetamine hydrochloride and possession with intent to distribute psilocin both in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B) and 18 U.S.C. Sec. 2. Rusher raises three issues on appeal: (1) whether the district court erred in failing to state sufficiently specific reasons for departing upward from the Sentencing Guidelines' recommended range on resentencing; (2) whether the district court imposed an unreasonable sentence at resentencing; and (3) whether the district court's departure violated due process. Finding no merit in any of Rusher's assignments of error, we affirm.
 
 
 2
 * This is the second occasion that this criminal appeal has been before this court. A detailed description of the underlying facts is set out in United States v. Rusher, 966 F.2d 868, 871-73 (4th Cir. 1992). Therefore, we discuss here only those facts particularly relevant to this appeal.
 
 
 3
 On October 10, 1990, Rusher was convicted by a jury of possession with intent to distribute methamphetamine hydrochloride and psilocin. Rusher also was charged with two firearms counts, but the district court dismissed them. On December 20, 1990, the district court sentenced Rusher to 105 months imprisonment, which was based on a three level upward departure from the recommended criminal history category in the Sentencing Guidelines.
 
 
 4
 Rusher appealed and we remanded the case for resentencing. We held that the district court had failed to "provide specific reasons for departing" from the guidelines' recommendation. Id. at 884. The district court had essentially bypassed the criminal history categories in order to impose a particular sentence. We stated:
 
 
 5
 if, the court, on reconsideration, still believes an upward departure is warranted, it must first consider criminal history category IV and state why that category does not adequately represent David's history before considering a higher category.
 
 
 6
 Id. at 885. The case was remanded to the district court for reconsideration.
 
 
 7
 On August 22, 1992, Rusher went before the district court for resentencing. The district court stated that this court had determined that the district court had failed to make adequate findings regarding the upward departure at his original sentencing. The district court then noted that Rusher's criminal history category was III as determined by the Presentence Investigation Report ("PSI"). It found that category III did not sufficiently take into account his prior convictions, some of which were too old to be included in determining his criminal history category. It determined that these convictions constituted "reliable information" under section 4A1.3 of the guidelines and therefore were a proper basis for departure.* The district court then totaled up the points assigned to each conviction as if it could have been included in his criminal history category. The court went up level by level, each time referencing the relevant paragraphs in the PSI, which listed Rusher's prior convictions as evidence of reliable information. It found that criminal history levels IV and V did not sufficiently reflect his prior criminal activities. The district court resentenced
 
 
 8
 Rusher to 105 months based upon a finding that category VI was the most appropriate criminal history category. This appeal ensued.
 
 II
 
 9
 The essence of Rusher's claims is that the district court failed to provide adequate reasons for the imposition of his sentence. Rusher contends that the district court's failure resulted in an excessive sentence and a violation of his due process rights. His assignments of error are without merit.
 
 
 10
 Section 4A1.3 of the Sentencing Guidelines provides that reliable information regarding the defendant's criminal history may be a basis for an upward departure from the guidelines' recommended sentence. Id. at 882. In Rusher I, we held that when a district court departs pursuant to section 4A1.3 it should provide " 'a short clear written statement or a reasoned statement from the bench' to support its departure." Id. at 882 (quoting United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert denied, 492 U.S. 910 (1989)). A statement by the court as to why it departed from the guidelines' recommended sentence is necessary for adequate appellate review. Id.
 
 
 11
 In the instant matter we are satisfied with the district court's statements as to its reasons for departure. Although the district court's commentary was not a model of allocution, it followed the instructions that we set forth by formally going up level by level and stating its reasons for the departure before arriving at the ultimate sentence. The district court could have provided somewhat more specific reasons for the departure, but we hold that its findings in that regard were sufficient.
 
 III
 
 12
 The district court provided an adequate basis for reviewing the imposition of Rusher's sentence, and its departure had a sufficient basis. Since Rusher's sentence was proper his remaining assignments of error are without merit. The decision of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 *
 Section 4A1.3 states:
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
 
 
 U
 S.S.G. Sec. 4A1.3, p.s